IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:18-cv-00094

| | |
|---|---|
| EPIC GAMES, INC., | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) **FINAL JUDGMENT AND PERMANENT** <br> ) **INJUNCTION ON CONSENT** |
| JOSEPH SPERRY, a.k.a. "Spoezy," | ) <br> ) |
| Defendant. | ) <br> ) |

Plaintiff Epic Games, Inc. ("Plaintiff" or "Epic") and Defendant Joseph Sperry, a.k.a. "Spoezy" ("Defendant" or "Sperry") (together, the "Parties") have reached an agreement to settle the dispute between them, including without limitation, the above-captioned action, and have consented to the entry of this Final Judgment and Permanent Injunction on Consent (the "Consent Judgment") based on the following stipulated findings of fact and conclusions of law, which the Court hereby adopts for purposes of entry of this Consent Judgment.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This Court has proper jurisdiction over the subject matter in this litigation under 28 U.S.C. §§ 1331, 1338(a), 1367(a), and 17 U.S.C. §§ 106 and 501, *et. seq*.

2. This Court has personal jurisdiction over Defendant because Defendant consented to jurisdiction in this District. Defendant entered into contractual agreements with Epic, the terms of which included his consent to be subject to the exercise of jurisdiction over him by this Court. This Court also has personal jurisdiction over Defendant because Defendant has purposefully availed himself of the privileges of conducting activities and doing business in the State of North Carolina and in this District, thus invoking the benefits and protections of North Carolina's laws and repeatedly accessing Epic's servers under the terms of the aforementioned

PPAB 4162892v3

agreements, which are located in this District. This Court shall retain jurisdiction over Defendant for the purpose of implementing and enforcing this Consent Order.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). Venue is also proper in this District because, among other things, Defendant entered into contractual agreements with Epic, the terms of which included his consent to this District being the proper venue.

4. Epic, a Maryland corporation with its principal place of business in Wake County, North Carolina, is the creator of Fortnite®, a co-op survival and building action game, and the owner of all the intellectual property related to Fortnite, including, without limitation, registered copyrights in Fortnite as set out below. In order to protect its property, Epic designed and put in place technological measures that effectively control access to Fortnite's copyrighted game code.

5. In order to access Epic's services, a user must create an account with Epic and read and agree to Epic's Terms of Service ("Terms"). The Terms include a section setting forth the permissions users have with respect to Epic's intellectual property and the activities from which users are prohibited from engaging. In order to play Fortnite, a user must read and agree to Fortnite's End User License Agreement ("EULA"). The EULA includes a "License Conditions" section, which sets out certain prohibited activities. Epic has met all of its obligations under the Terms and the EULA, and a user's agreement to abide by the Terms and the EULA creates a valid and enforceable contract between Epic and the user.

6. Defendant, an individual, is a resident and citizen of New York.

7. Epic is the author and owner of all the rights and title to valid and enforceable copyrights in Fortnite including, without limitation, in its computer software, which are the subjects of U.S. Copyright Registration Nos. TXu01-895-864 (dated December 18, 2013),

TX008-186-254 (dated July 14, 2015), TX008-254-659 (dated March 3, 2016), and TX008-352-178 (dated December 23, 2016), among others. (Complaint, D.E. 1-A.)

8. Defendant created at least one account to access Epic's services and also downloaded, accessed, and continues to access, Fornite on his PC. In creating his account(s) to access Epic's servers, Defendant read and affirmatively agreed to abide by the Terms, which created a valid, enforceable contract between Epic and Defendant. In downloading and accessing Fortnite, Defendant also read and affirmatively agreed to abide by the EULA, which created a second valid, enforceable contract between Epic and Defendant.

9. Defendant created cheat software ("cheats" or "hacks") in order to unlawfully circumvent technological measures that effectively control access to the Fortnite software and to materially modify Fortnite's copyright protected code so that Defendant and those who purchase and use his cheats can gain an unfair competitive advantage in Fortnite.

10. Defendant promoted, marketed, and sold these cheats to third parties for personal financial gain.

11. Defendant directly infringed Epic's copyrights in Fortnite. Defendant used the cheats. His use of the cheats created unauthorized derivative works of Epic's copyright protected Fortnite code that are substantially similar to Epic's copyrighted work.

12. Defendant engaged in acts of contributory copyright infringement of Epic's Fortnite game. In addition to creating and using the cheats, Defendant promoted, marketed, and sold these cheats to third parties, and actively encouraged and induced these other cheaters to purchase and use the cheats to gain an unfair advantage in Fortnite.

13. Defendant has materially contributed to and/or substantially participated in others' direct infringement of Epic's copyrights and has actual knowledge of the direct infringing activity of these other cheaters.

14. Defendant's activities violate the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201(1)(a)-(b) and 1203.  The cheat software Defendant created and used contains technology, components, or parts, which are primarily designed to circumvent technological security measures Epic put in place to control access to Fortnite's copyright protected code.

15. Defendant's cheats have no commercially significant purpose or use other than to circumvent Epic's technological security measures, which were put in place to control access to Fortnite and to unlawfully modify Epic's game software code.

16. Defendant's actions further violated the DMCA because Defendant created and offered to the public, provided, and otherwise trafficked in the United States, cheat software that contains technology, components, or parts primarily designed to circumvent technological security measures that Epic put in place to control access to Fortnite's code.  Defendant's cheats have no commercially significant purpose or use other than to circumvent Epic's technological security measures put in place to control access to Fortnite and to unlawfully modify Epic's game software code.

17. By promoting, selling, and distributing the cheats, Defendant actively assisted other cheaters in using the cheats and materially contributed to the unlawful (i) circumvention of technological measures that effectively control access to the Fortnite software and (ii) modification of Fortnite's code, creating an unlawful derivative work and giving the cheater(s) an unfair competitive advantage over other Forntite players.

18. Defendant breached both the Terms and the EULA in violation of North Carolina law by, among other things, making derivative works based on Fortnite; copying, reproducing, distributing, displaying publicly, using, modifying, performing publicly, republishing, and/or transmitting Fortnite in a way not authorized by the EULA or the Terms; removing, disabling, circumventing, or modifying any proprietary notice or label or security technology included in

4

Fortnite; and/or creating, developing, distributing, or using unauthorized software programs to gain advantage in any online or other game modes.

19. Defendant, himself a registered user of Epic's services, including Fortnite, knew of the contracts between Epic and its registered users and the prohibitions that the Terms and the EULA place on such users.

20. Defendant acted without justification and intentionally encouraged and induced users of Fortnite to use the cheats and, therefore, intentionally interfered with the contracts formed between Epic and its users in violation of North Carolina law.

21. Defendant's violations of the Copyright Act, the DMCA, and North Carolina law have caused, and continue to cause, Epic great and irreparable injury that cannot be fully compensated or measured in money. Epic has no adequate remedy at law for Defendant's wrongful conduct because Epic's copyrights are unique and valuable property that have no readily determinable market value, Defendant's infringement constitutes an interference with Epic's goodwill and customer relations, and Defendant's wrongful conduct, and the damages resulting therefrom, are continuing. Accordingly, the Parties consent to the below Permanent Injunction and enter into this Consent Judgment voluntarily after consulting with counsel and waive any rights to appeal from it.

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

22. Defendant, Joseph Sperry, along with his agents, representatives, partners, joint venturers, servants, employees, and all those persons or entities acting in concert or participations with him will immediately destroy all copies of any cheat software ("cheats" or "hacks") in his possession, custody, or control that can be used to infringe any of Epic's copyrights or cheat at any of Epic's games, and is **PERMANENTLY ENJOINED and RESTRAINED** from:

a. infringing any of Epic's currently existing or future copyrighted works, including, without limitation, infringement by the use of any software or device that copies or modifies Epic's software in violation of the Copyright Act;

b. creating, writing, developing, advertising, promoting, and/or distributing anything that infringes Epic's works now or hereafter protected by any of Epic's copyrights;

c. inducing or materially contributing to the direct infringement of any of Epic's currently existing or future copyrighted works by others, including, without limitation, infringement by the use of any software or device that copies or modifies Epic's software in violation of the Copyright Act;

d. creating, writing, developing, advertising, promoting, using, and/or trafficking in any technology, product, service, or device, part of which is primarily designed for the purpose of circumventing a technological measure that effectively controls access to Epic's copyright protected work;

e. violating Epic's Terms of Service;

f. violating any of Epic's End User Licensing Agreements to which Defendant is a or becomes a party;

g. intentionally interfering with Epic's contracts or contractual relations with any other party or parties to those contracts or contractual relations;

h. cheating at any of Epic's games or at any game that Epic subsequently develops, creates, or publishes;

i. materially contributing to cheating by others or inducing others to cheat at any of Epic's games or at any games that Epic subsequently develops, creates, and/or publishes;

PPAB 4162892v3

j. engaging in any other activity that constitutes or creates an infringement of any of Epic's copyrights, or of any of Epic's rights in, or rights to use or exploit, its copyrights;

k. unfairly competing with Epic in any manner whatsoever; and/or

l. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referenced in paragraphs 21(a) through 19(k), above.

For the purposes of this paragraph 21 only, the term "Epic" includes all of Epic's subsidiaries and affiliated companies.

23. No bond or posting of security is required of the Parties in connection with the entry of this Consent Judgment.

24. Plaintiff and Defendant acknowledge that they have knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel or having had ample opportunity to consult with counsel. Plaintiff and Defendant understand the undertakings, obligations, and terms of this Consent Judgment.

25. Except as to Defendant's obligations set forth in this Consent Judgment, Plaintiff's claims against Defendant in this Action, and any claims that could have been asserted in this Action, are hereby dismissed with prejudice.

26. This Consent Judgment is final and Plaintiff and Defendant each hereby waive their rights to appeal from this order.

27. Nothing in this Consent Judgment precludes Plaintiff or Defendant from asserting any claims or rights that arise after Defendant's agreement to this Consent Judgment or that are based upon any breach of, or the inaccuracy of, any representation or warranty made by

7

PPAB 4162892v3

Defendant or Plaintiff in this Consent Judgment, or in the Settlement Agreement reached by the Parties.

28. Nothing in this Consent Judgment precludes Plaintiff or Defendant from asserting any claims or rights against any third party.

29. Defendant waives any objection under Federal Rule of Civil Procedure 65(d) (pertaining to injunctions) to paragraph 21, above.

30. This Court shall retain jurisdiction over this matter to enforce a violation of this Consent Judgment's terms. If any such violation occurs, the Court shall award, (a) without regard to proof of actual damages, liquidated damages of Five Thousand Dollars ($5,000); as well as (b) injunctive relief enjoining any further breach of this Consent Judgment, or such modifications to the present Consent Judgment as the Court deems appropriate; (c) attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

IT IS SO ORDERED this  30   day of  April        , 2018.

_____
The Honorable Judge William Earl Britt
Senior United States District Judge

**CONSENTED TO:**

**FOR THE PLAINTIFF:**

/s/Christopher M. Thomas
Christopher M. Thomas (N.C. Bar No. 31834)
Email: christhomas@parkerpoe.com
Tasneem A. Dharamsi (N.C. Bar No. 47697)
Email: tasneemdelphry@parkerpoe.com
Parker, Poe, Adams, & Bernstein LLP
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 835-4626
Facsimile: (919) 834-4564
*Attorneys for Plaintiff Epic Games, Inc.*

**FOR THE DEFENDANT:**

Joseph Sperry
_____
Edmond C. Chakmakian (New York Bar. No. 2588959)
200 Motor Parkway
Suite A-3
Hauppauge, New York 11788
Attention: Edmond C. Chakmakian, Esq
*Attorney for Defendant*